**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CEDRIC BATISTE AND** | |
| **SHEREDA BATISTE** | **CIVIL ACTION** |
| | |
| **VERSUS** | **NO. 18-680** |
| | |
| **JOHN DOE, CANAL INSURANCE** | |
| **COMPANY, JOSE CORTEZ d/b/a JOE'S** | |
| **TRANSPORT AND JOE'S TRANSPORT** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Cedric Batiste and Shereda Batiste (collectively, "Plaintiffs") on May 26, 2017 in East Baton Rouge Parish when Plaintiffs' 2007 Jeep Liberty was allegedly struck on the passenger side by an 18-wheeler driven by an unknown driver and owned by Defendant Jose Cortez, d/b/a Jose's Transport.[1]  On or about May 18, 2018, Plaintiffs filed their Petition for Damages ("Petition") against John Doe (the unknown driver), Jose Cortez, d/b/a Joe's Transport ("Cortez"), Joe's Transport, and Canal Insurance Company ("Canal") (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2]  On July 11, 2018, Defendants Cortez and Canal removed this matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

The Notice of Removal makes the following allegations regarding the citizenship of the parties:

---

[1] R. Doc. 1-4, ¶¶ 3-4.

[2] R. Doc. 1-4.

[3] R. Doc. 1.  Canal was served via the Louisiana Secretary of State on June 21, 2018.  Canal alleges that service has been requested on Cortez via the Louisiana Long-Arm Statute, but that proof of service is not in the state court record. Regardless, Canal avers that Cortez consents to removal.  *Id*. at. ¶¶ 3-4.

5.

John Doe is a fictitious name and not a proper party to the subject lawsuit. Claimants did not request service on him.

6.

Claimant, Cedric Batiste, is a resident and citizen of the State of Louisiana.

7.

Claimant, Shereda Batiste, is a resident and citizen of the State of Louisiana.

8.

Defendant, Canal Insurance Company, is a corporation organized and existing under the laws of the state of South Carolina having its principal place of business in the state of South Carolina. Therefore, Canal Insurance Company is a citizen of the State of South Carolina.

9.

Defendant, Jose Cortez d/b/a Joe's Transport is a resident and citizen of the State of Texas.

10.

Accordingly, there is complete diversity between Plaintiff and Defendants. As of the date of this Filing of this Notice of Removal, Plaintiff has not named any other Defendants. As of the date of filing of this Notice of Removal, Claimants have not obtained service of process on any other person from whom Canal Insurance Company and Jose Cortez d/b/a Joe's Transport must obtain consent for this removal.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal,

---

[4] R. Doc. 1, ¶¶ 5-10.

citizenship appears to have been adequately alleged as to Plaintiffs, Cortez, and Canal, and these parties appear to be diverse.[5] Also, the citizenship of "John Doe," a fictitious name, can be disregarded in the diversity analysis.[6] However, Plaintiffs also named "Joe's Transport" as a Defendant[7] in their Petition, which entity is alleged to be "a foreign corporation not authorized to do but doing business in the State of Louisiana."[8] Canal and Cortez have not made any allegations regarding this entity, including whether or not it is an actual legal entity, and if so, its citizenship.[9] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). Accordingly, Defendants must (1) state whether "Joe's Transport" is an actual legal entity, and if so, (2) properly identify its citizenship, *i.e.*, place of incorporation and principal place of business if it is a corporation (as alleged by Plaintiffs).

Proper information regarding the amount in controversy is also necessary to establish the Court's diversity jurisdiction.[10] Plaintiffs' Petition only generally refers to Plaintiffs' alleged personal injuries and property damage, as required by Louisiana law. Plaintiffs claim past, present, and future damages for physical and mental pain, physical disability, loss of

---

[5] R. Doc. 1, ¶¶ 6-9.
[6] R. Doc. 1, ¶ 5 and 28 U.S.C. § 1441(b).
[7] R. Doc. 1-4, ¶ 1.
[8] R. Doc. 1-4, ¶ 1 (5).
[9] Although the Notice of Removal references Joe's Transport as the d/b/a of Jose Cortez, the Petition contains that allegation, but also names "Joe's Transport" as a separate defendant.
[10] *See* 28 U.S.C. §1332(a).

income/earning capacity, loss of enjoyment of life, loss of consortium and property damage, as the result of which they seek medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, and travel and other expenses.[11] These general allegations do not contain any information regarding the actual injuries Plaintiffs allegedly sustained as result of the incident or the amount of expenses incurred thus far and are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

Moreover, the Notice of Removal also does not contain enough information to indicate whether Plaintiffs' claims will likely exceed $75,000. It states that Plaintiff Cedric Batiste's medical records show that he has four bulging cervical discs and two bulging lumbar discs, past medical expenses of $10,567 (not including a visit to a pain management doctor) over a two-month period in 2017, and a recommendation for a cervical epidural steroid injection costing approximately $5,450, for a total of $16,017.[12] Plaintiff Shereda Batiste's medical records show that she has "annular bulging at C5-6…and L4-5 and L5-S1 with 'facet pathology,'" past medical expenses of $8,919 over a three-month period in 2017, and a referral to a pain management doctor.[13] The foregoing allegations do not indicate that Plaintiffs' claims will individually exceed

---

[11] R. Doc. 1-4, ¶¶ 6-7.
[12] R. Doc. 1, ¶ 15 *citing* R. Docs. 1-6, 1-7, and 1-8.
[13] R. Doc. 1, ¶ 16 *citing* R. Docs. 1-9, 1-10, and 1-11.

$75,000, exclusive of interest and costs.[14]  Moreover, the medical records do not reflect whether

surgery is recommended for Plaintiffs, whether Plaintiffs have continued treatment, or the nature

of Plaintiffs' injuries (*e.g.*, whether they are permanent).   Further, the mere fact that the Petition

does not contain an allegation that the claims do not exceed the federal jurisdictional amount is

not dispositive of the issue of whether the amount is controversy is met.[15]  Finally, the Notice of

Removal indicates that the primary medical issue for the Plaintiffs is disc bulging, which is

typically not sufficient to meet amount in controversy requirements, even where the plaintiff is

actually treated with steroid injections.[16]  It is thus unclear from the Petition and the Notice of

Removal whether the amount in controversy requirement is met.   Although Plaintiffs have not

filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity

jurisdiction in this matter.  *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir.

2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Canal Insurance Company and Jose Cortez

d/b/a Joe's Transport shall file a memorandum and supporting evidence concerning subject matter

jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order

and that Plaintiffs Cedric Batiste and Shereda Batiste shall either file a memorandum and

---

[14] Defendants alternatively urge the Court to exercise "pendent party jurisdiction" if one Plaintiff does not meet the jurisdictional threshold. R. Doc. 1, ¶ 21. However, if neither Plaintiff meets the jurisdictional threshold, supplemental jurisdiction is not applicable. *See Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L. Ed. 2d 502 (2005).

[15] *See Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).

[16] A general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections. *See*, *e.g.*, *Clement v. Carbon*, 13-827 (La. App. 5 Cir. 4/19/14), 153 So.3d 460, 464 (affirming award of $30,000 in general damages for bulging disc at C5-6); *Mixter v. Wilson*, 10-464 (La. App. 5 Cir. 12/14/10), 54 So.3d 1164, 1169  (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections) and *Holford v. Allstate Ins. Co.*, 41,187 (La. App. 2 Cir. 2006), 935 So.2d 758, 763 (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident).

supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether there is complete diversity of citizenship and whether the amount in controversy is met under 28 U.S.C. § 1332(a). Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiffs.

Signed in Baton Rouge, Louisiana, on July 18, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**